IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTOINE D. WILLIAMS,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 07-1577-BR

OPINION AND ORDER

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97204

JOHN R. KROGER
Attorney General
LESTER R. HUNTSINGER
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus is **DENIED**.

<u>BACKGROUND</u>

On January 23, 1998, a Multnomah County jury convicted Petitioner on charges of Rape in the First Degree (two counts), Kidnaping in the First Degree (two counts), Sexual Abuse in the First Degree, Sodomy in the Second Degree, and Unlawful Penetration in the First Degree. The trial judge sentenced Petitioner to a total of 200 months' imprisonment and imposed requirements of sex offender registration, DNA testing, and various fines.

Petitioner filed a direct appeal alleging only one assignment of error, the constitutionality of Petitioner's Measure 11 sentence. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Williams*, 161 Or. App. 667, 984 P.2d 959, *rev. denied*, 329 Or. 358, 994 P.2d 125 (1999).

Petitioner then sought state post-conviction relief ("PCR"). Petitioner alleged several claims of trial error and of ineffective assistance of trial counsel. Over the course of the PCR proceedings, six separate attorneys were appointed to

represent Petitioner.  Finally, the PCR trial judge refused to appoint a seventh attorney, and Petitioner proceeded *pro se* thereafter.  Following an evidentiary hearing, the PCR trial judge denied relief.  On appeal, newly appointed counsel challenged only the PCR trial judge's refusal to appoint a new attorney.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *Williams v. Lampert*, 209 Or. App. 170, 146 P.3d 1171 (2006), *rev. denied*, 342 Or. 633, 157 P.3d 788 (2007).

On October 22, 2007, Petitioner filed his habeas corpus action in this Court.  The Court appointed Counsel, who filed an Amended Petition for Writ of Habeas Corpus on Petitioner's behalf. The Amended Petition alleges claims of trial error, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and the denial of counsel in the PCR proceeding.  In support of his Amended Petition, Petitioner presents Exhibits 1-9, which were not part of the state record.  Respondent argues Petitioner's Exhibits are not properly before this Court, that denial of PCR counsel is not actionable in habeas corpus and, in any event, that all of Petitioner's claims are procedurally defaulted.

## DISCUSSION

### I.   Petitioner's Proposed Exhibits[1]

Rule 7 of the Rules Governing § 2254 habeas cases allows a district court to expand the record without holding an evidentiary hearing.  Admission of supplemental evidence is, however, governed by the evidentiary hearing standards set forth in 28 U.S.C. § 2254(e)(2).  *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.), *cert. denied*, 546 U.S. 944 (2005); *see also Holland v. Jackson*, 542 U.S. 649, 653 (2004) (explaining that the restrictions of § 2254(e)(2) should apply "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing" (emphasis in original)).

Under § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in State court proceedings," this court cannot hold an evidentiary hearing unless the applicant shows:

(A) the claim relies on --

---

[1] The Court notes that Petitioner did not seek leave before filing Exhibits.  Nonetheless, the Court construes the filing of the Exhibits as such a request, as the filing of Exhibits not contained in the state record may only be done upon direction of the Court.  *See* Rule 7(a), Rules Governing § 2254 Cases, 28 U.S.C. § foll. 2254 (hereafter "Rule 7") ("the judge may direct the parties to expand the record by submitting additional materials relating to the petition").

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner does not show that his claim is based on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence. Petitioner's proposed exhibits consist of several documents from the Oregon Children's Services Division, a police report from the incident, an Oregon State Police ("OSP") crime lab forensic laboratory report from the incident, and an independent report analyzing the OSP laboratory report prepared for Petitioner's criminal trial attorney. All documents pre-date Petitioner's PCR proceeding, and there is no indication or argument that they were not available to Petitioner at that time. Petitioner did not, however, present any of the documents in the state post-conviction proceeding. Accordingly, Petitioner cannot make the showing required by § 2254(e)(2), and the Court declines to expand the record to consider Petitioner's proposed Exhibits.

II.  **Denial of Counsel in PCR Court**

Petitioner alleges his constitutional rights were violated because he was deprived of any counsel at his post-conviction trial, in spite of the fact that Petitioner repeatedly requested counsel and that he suffers from a series of mental diseases and defects that preclude him from being able to represent himself. As Petitioner notes in his Brief in Support of the First Amended Petition for Writ of Habeas Corpus, however, the Ninth Circuit has not recognized the existence of any right to the assistance of counsel at the post-conviction stage. *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)), *cert. denied*, 129 S.Ct. 37 (2008). Moreover, an error in the state PCR proceeding does not represent an attack on the Petitioner's detention, and is not a proper ground for habeas corpus relief. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (*per curiam*). Accordingly, Petitioner cannot succeed on his claim of PCR trial error in this Court.

II.  **Procedural Default**

A.  **Legal Standards**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Smith*, 510 F.3d at 1137-

38.  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a state allows review of a constitutional violation either on direct appeal or by collateral attack, a prisoner need exhaust only one avenue before seeking habeas corpus relief. *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987). However, if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted. *Id.*

"In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983); *see also Palmer v. State*, 318 Or. 352, 354, 867 P.2d 1368 (1994) (trial errors may not be asserted in post-conviction proceedings). However, violations of a defendant's rights which require a further evidentiary hearing for their determination, such as a claim of ineffective assistance of trial counsel, are appropriately determined upon post-conviction review. *Kellotat*, 719 F.2d at 1030; *State v. McKarge*, 78 Or. App. 667, 668, 717 P.2d 656 (1986) (claim of ineffective assistance of counsel may only be resolved in post-conviction proceeding); *see*

*also Allbee v. Keeney*, 78 Or.App. 19, 21, 714 P.2d 1058, *rev. denied*, 301 Or. 78 (1986) (in order to warrant post-conviction relief, the error must be of constitutional dimension).

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to present, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the federal claims procedurally barred under an independent and adequate state law ground. *Coleman*, 501 U.S. at 729 n.1; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. *Cone v. Bell*, 129 S.Ct. 1769, 1780 (2009); *Coleman*, 501 U.S. at 729-30.

If a prisoner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Smith*, 510 F.3d at 1139. "'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a

8 - OPINION AND ORDER -

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**B.   Analysis**

On direct appeal from his convictions and sentence, Petitioner raised only the issue of the constitutionality of his Measure 11 sentence.   Petitioner did not allege any of the trial errors alleged in his Amended Petition for Writ of Habeas Corpus before this Court.   Petitioner is precluded from raising his trial error claims on direct appeal now because the time to do so has expired. *See* Or. Rev. Stat. § 138.071 (appeals must be filed not more than 30 days after the judgment was entered in the register).

Petitioner attempted to raise his trial error claims in the state PCR proceeding.   As the state argued in the Trial Memorandum submitted to the PCR trial judge, however, the PCR court could not review those errors under *Palmer*.

Petitioner also raised his ineffective assistance of counsel claims at the PCR trial stage.   As noted, however, the sole issue argued on appeal from the denial of PCR relief was the PCR trial judge's refusal to appoint substitute counsel.   Petitioner did not raise any of the claims alleged in the PCR trial.   Again, Petitioner is now precluded from doing so, as the time to appeal has expired. *See* Or. Rev. Stat. § 138.550 (post-conviction

appeals must be filed within 30 days of the entry of final judgment).

Petitioner procedurally defaulted all of the claims alleged in his Amended Petition because he failed to present them to the appropriate state courts, and those courts would now find the federal claims time-barred.[2]  Because Petitioner does not present any evidence of cause and prejudice or a fundamental miscarriage of justice sufficient to excuse his procedural default, Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this ____3rd___ day of June, 2009.


                        ____/s/ Anna J. Brown_____
                        ANNA J. BROWN
                        United States District Judge

---

[2]Petitioner makes no argument that the limitation periods for direct and post-conviction appeals are not independent and adequate.

10 - OPINION AND ORDER -               P:\Brown-LawClerks\07-1577williams0602opinion.wpd